UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action Number:_____

05 - 30177 - KPN

| | |
|---|---|
| THERESA COFSKE, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF WARE CONSERVATION | ) |
| COMMISSION, JOEL HARDER, | ) |
| TRAVIS NICOSON, ROGER BOUCHARD, and | ) |
| JOHN MOTYKA, | ) |
| Defendants | ) |

## VERIFIED COMPLAINT
## WITH JURY TRIAL DEMANDED

### INTRODUCTION

1.    This suit represents claims for a series of wrongful employment actions, including

harassment, termination, retaliation and constructive termination,  that were taken against the

Plaintiff by the Town of Ware Conservation Commission and certain members of that commission

named as defendants in this complaint

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. Section 1983.  Plaintiff further invokes the

pendent jurisdiction of this Court to hear and decide claims arising under state law.

### PARTIES

3.    The Plaintiff, Theresa Cofske, is a natural person who resides within Worcester County at

29 East Main Street, Gilbertville, Massachusetts;

1

4.      The Defendant, Town of Ware Conservation Commission, is a governmental body duly organized under the By-Laws of the Town of Ware and charged under regulations/statutes promulgated by the Department of Environmental Protection (DEP) with a business address within Hampshire County at the Ware Town Hall, 126 Main Street, Ware, MA 01082;

5.      The Defendant, Joel Harder, is a natural person who resides within Hampshire County at 2 Susan Drive, Ware, Massachusetts. This action is brought against Mr. Harder in both his individual capacity and his capacity as representative of the Town of Ware Conservation Commission;

6.      The Defendant, Travis Nicoson, is a natural person with a business address within Hampshire County at the Ware Town Hall, 126 Main Street, Ware, MA 01082. This action is brought against Mr. Nicoson in both his individual capacity and his capacity as representative of the Town of Ware Conservation Commission;

7.      The Defendant, Roger Bouchard, is a natural person with a business address within Hampshire County at the Ware Town Hall, 126 Main Street, Ware, MA 01082. This action is brought against Mr. Bouchard  in his capacity as representative of the Town of Ware Conservation Commission;

8.      The Defendant, John Motyka, is a natural person with a business address within Hampshire County at the Ware Town Hall, 126 Main Street, Ware, MA 01082. This action is brought against Mr. Motyka  in his capacity as representative of the Town of Ware Conservation Commission;

## FACTUAL ALLEGATIONS

9.     On or about February 28, 2001 the Plaintiff Theresa Cofske (hereinafter, "Plaintiff") was hired as administrator/agent for the Defendant Town of Ware's Conservation Commission (hereinafter, the "Commission");

10.     Among the members on the Commission are the Defendants, Joel Harder (hereinafter, "Defendant Harder"), the Defendant, Travis Nicoson (hereinafter, "Defendant Nicoson"), the Defendant, Roger Bouchard (hereinafter, "Defendant Bouchard"), and the Defendant, John Motyka (hereinafter, "John Motyka");

11.     During the course of Plaintiff's employment Plaintiff perceived that the Defendants had more interest in assuring development than in following the laws and/or environmental regulations of the DEP and the Commission.

12.     During the course of Plaintiff's employment Plaintiff engaged in activities that were required under law, required under governmental regulations, required by DEP regulations, or allowed under law, governmental regulations and/or DEP regulations. This protected activity included expressing concern that certain actions of the Defendants were not appropriate and were not consistent with the goals of the Conservation Commission;

13.     During the course of Plaintiff's employment Plaintiff made reports that were required under law, required under governmental regulations, required by DEP regulations, or allowed under law, regulations and/or DEP regulations.

14.     During the course of Plaintiff's employment Plaintiff was instructed to engage in activities that are illegal or disfavored under law, illegal or disfavored under governmental regulations and/or DEP regulations.

3

15.     During the course of Plaintiff's employment Plaintiff refused to engage in activities that are illegal or disfavored under law, illegal or disfavored under governmental regulations and/or DEP regulations.

16.     The Plaintiff refused to engage in activities, including but not limited to: not filing required reports with agencies, hiding public information, altering Commission minutes by adding false statements to Commission minutes, ignoring violations of law or regulation.

17.     In retaliation for the Plaintiff's actions as described above, the Defendants, joint and severally, conspired and retaliated against the Plaintiff in an effort in deprive the Plaintiff of her position as administrator/agent of the Commission.

18.     The Defendant, Harder published to third parties vile, malicious, and false accusations including but not limited to: On February 13, 2002, Defendant Joel Harder called the Plaintiff a "liar" during the course of a Commission hearing while the public was still present;

19.     On or about August 14, 2002, the Plaintiff's employment is terminated in violation of Massachusetts Open Meeting laws;

20.     On or about August 20, 2002, the Plaintiff wrote a letter of complaint to Assistant District Attorney, Cynthia M. Pepyne of the office of the Northwestern District Attorney detailing her termination in violation of the Open Meeting law;

21.     After investigation, on or about September 4, 2002 the District Attorney's office filed a Complaint in Hampshire Superior Court against the Ware Conservation Commission requesting that the Court issue an order to the Commission to reinstate the Plaintiff;

22.     Following a meeting of the Town of Ware Planning Board on or about September 10, 2002, Defendant Harder was overheard to say, "looks like the bitch is coming back," in reference

4

to the Plaintiff's possible reinstatement. On or about September 13, 2002, Defendant Harder was heard as stating, "I don't care if we [Commission] are required to reinstate her [Plaintiff], we'll fire her over and over again until we get it right."

23.    On or about September 17, 2002, the Commission voted to reinstate the employment of the Plaintiff effective September 16, 2002, however, the Commission does not provide the Plaintiff with back pay or lost wages.

24.    On November 2, 2002, the Plaintiff sent a letter of presentment pursuant to M.G.L. c. 258 §1 et seq. to the Town of Ware asserting various statutory and tort claims;

25.    Due to severe depression and anxiety caused by her termination and the events surrounding her termination, the Plaintiff was unable to return to work until November 13, 2002.

26.    Upon her return to work the Plaintiff was confronted with a deliberate, systemic campaign to punish her for complying with the law and/or regulations, for asserting her rights and for filing a complaint with the District Attorney's office.

27.    Subsequently, all job security was taken away from the Plaintiff with the Commission's efforts to eliminate the Plaintiff's position by folding the Plaintiff's duties into the Building Department's Secretary position.

28.    On or about November 27, 2002, Defendant Harder made a motion to enter into Executive Session for the purposes of disciplining the Plaintiff based upon false accusations.

29.    Between November 13, 2002 and March 23, 2003, the Plaintiff was faced with open hostility from the Defendants and was falsely accused of reporting Defendant Harder to the Board of Ethics.

30.    Between November 13, 2002 and March 23, 2003,  the Commission and Defendants

5

attempted to intimidate the Plaintiff into dropping her potential lawsuit and the claims raised in her letter of presentment;

31.     Subsequently, the Commission and Defendants attempt to intimidate the Plaintiff to stop helping Martha Klassanos, (former Commission Chair) who was voted off the Commission on September 17, 2003, and who was pursing a Complaint at the Massachusetts Commission Against Discrimination (MCAD) filed on November 1, 2002 against the Town of Ware accusing the Conservation Commission of Sexual Discrimination.

32.     Subsequently, the Plaintiff was told by the Defendant Harder that if she wanted to be considered for the full-time Building Department Secretary's position she should stop helping Martha Klassanos and drop her potential lawsuit.

33.     The Plaintiff eventually interviewed for the position of Building Department Secretary but was treated differently than other applicants and asked different questions than other applicants. The entire interview process was a sham.

34.     After months of constant criticism, open hostility, stress and anxiety the Plaintiff submitted a lengthy resignation on May 26, 2003.

## COUNT I
## TERMINATION (AUGUST 14, 2002) IN VIOLATION OF PUBLIC POLICY

35.     The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 34 of this complaint and incorporates the same herein by reference;

36.     As a result of the Defendants' wrongful and malicious actions and in violation of public policy -- the Plaintiff having engaged in legal activities and the Plaintiff refusing to engage in illegal activity -- the Plaintiff's employment was terminated in violation of public policy on August

6

14, 2002;

37.     As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the loss of her employment, loss of wages and benefits, suffered great strain, hardship, emotional distress and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

**COUNT II**
**CONSTRUCTIVE TERMINATION (MAY 26, 2003) IN VIOLATION OF PUBLIC POLICY**

38.     The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 37 of this complaint and incorporates the same herein by reference;

39.     As a result of the Defendants' wrongful and malicious actions the Plaintiff's employment was constructively terminated in violation of public policy -- the Plaintiff having engaged in legal activities and the Plaintiff refusing to engage in illegal activity and the retaliation for having so engaged -- on May 26, 2003;

40.     As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the loss of her employment, loss of wages and benefits, suffered great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

**COUNT III**
**VIOLATION OF 42 U.S.C. §1983 - WRONGFUL TERMINATION AND HARASSMENT BASED UPON PLAINTIFF'S EXERCISE OF FREE EXPRESSION**

41.     The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through paragraph 40 of this complaint and incorporates the same herein by reference;

42.     As a result of the Defendants' actions under color of law, the Plaintiff's civil rights to

7

exercise free expression were interfered with and the Plaintiff was deprived of her rights to employment because of her exercise of free expression;

43.     As a result of these intentional, wilful, knowing, malicious and purposeful violations of the Plaintiff civil rights under 42 U.S.C. §1983 the Plaintiff suffered the deprivation of her rights and job and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

**COUNT IV**
**VIOLATION OF 42 U.S.C. §1983 - RETALIATION IN VIOLATION OF RIGHT TO**
**SEEK REDRESS FOR WRONGFUL TERMINATION IN COURTS**

44.     The Plaintiff hereby repeats and realleges the allegations contained in paragraph 1 through paragraph 43 of this complaint and incorporates the same herein by reference;

45.     As a result of the Defendants' actions under color of law, the Plaintiff's civil rights were interfered with, attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion;

46.     As a result of these intentional, wilful, knowing, malicious and purposeful violations of the Plaintiff civil rights under 42 U.S.C. §1983, specifically the illegal retaliation against the Plaintiff after having asserted her rights by complaining to the District Attorney, the Plaintiff suffered the deprivation of her rights and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT V
## VIOLATION OF 42 U.S.C. §1983 - DENIAL OF DUE PROCESS/DEPRIVED OF PROPERTY INTEREST IN PUBLIC EMPLOYMENT PRIOR TO AUGUST 14, 2002 TERMINATION

47.     The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1

through 41 of this complaint and incorporates the same herein by reference;

48.     As a result of the Defendants' actions under color of law, the Plaintiff's due process rights

were interfered with, attempted to be interfered with, and that interference or attempted

interference was by threats, intimidation or coercion and the Plaintiff was deprived of a property

interest in public employment with the termination of said public employment on August 14,

2002;

49.     As a result of these intentional, wilful, knowing, malicious and purposeful violations of the

Plaintiff civil rights under 42 U.S.C. §1983, the Plaintiff suffered the deprivation of her rights and

a loss of public employment, wages and benefits, was forced to suffer great strain, hardship, and

anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was

caused to seek medical attention.

## COUNT VI
## VIOLATION OF 42 U.S.C. §1983 - DENIAL OF DUE PROCESS/DEPRIVED OF PROPERTY INTEREST IN PUBLIC EMPLOYMENT PRIOR TO MAY 26, 2003 TERMINATION

50.     The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through

paragraph 49 of this complaint and incorporates the same herein by reference;

51.     As a result of the Defendants' actions under color of law, the Plaintiff's due process rights

were interfered with, attempted to be interfered with, and that interference or attempted

interference was by threats, intimidation or coercion and the Plaintiff was deprived of a property

9

interest in public employment with the constructive termination of said public employment on May 26, 2003;

52.    As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff civil rights under 42 U.S.C. §1983 the Plaintiff suffered the deprivation of her rights and a loss of public employment, wages and benefits, was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT VII
## CIVIL CONSPIRACY

53.    The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through paragraph 52 of this complaint and incorporates the same herein by reference;

54.    As a result of the Defendants' actions in conspiracy, under color of law and otherwise, the Plaintiff's due process rights were interfered with, attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion and the Plaintiff was deprived of a property interest in public employment with the termination of her public employment;

55.    As a result of this intentional, wilful, knowing, malicious and purposeful conspiracy the Plaintiff suffered the deprivation of her rights and a loss of public employment, wages and benefits, was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

10

## COUNT VIII
## DEFAMATION

56.     The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through

paragraph 55 of this complaint and incorporates the same herein by reference;

57.     As a result of the Defendants' defamatory words and statements the Plaintiff was deprived

of a property interest in public employment with the termination of her public employment;

58.     As a result of these intentional, wilful, knowing, malicious and purposeful action the

Plaintiff suffered the a loss of public employment, wages and benefits, was forced to suffer great

strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to

humiliation, and was caused to seek medical attention.

## COUNT IX
## VIOLATION OF M.G.L.c. 149, § 19
## (ILLEGAL INTERFERENCE WITH EMPLOYMENT RELATIONSHIP)

59.     The Plaintiff hereby repeats and realleges the allegations contained in paragraph 1 through

paragraph 58 of this complaint and incorporates the same herein by reference;

60.     As a result of the Defendants' actions to prevent the Plaintiff from entering into or

continuing in her employment, the Plaintiff's continued employment was interfered with,

attempted to be interfered with, and terminated, and that interference, attempted interference and

termination was by threats, intimidation or coercion;

61.     As a result of these intentional, wilful, knowing, malicious and purposeful actions the

Plaintiff suffered the deprivation of her rights and a loss of public employment, wages and

benefits, was forced to suffer great strain, hardship, and anxiety, was caused painful physical and

mental suffering, was subjected to humiliation, and was caused to seek medical attention.

11

## COUNT X
## VIOLATION OF M.G.L.c. 149, § 185
## ( WHISTLE BLOWING)

62.    The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through

paragraph 61 of this complaint and incorporates the same herein by reference;

63.    As a result of the Defendants' actions to prevent the Plaintiff from disclosing to a

supervisor or to a public body an activity, policy or practice that the Plaintiff reasonably believed

was in violation of a law, or a rule or regulation promulgated pursuant to law, or which the

Plaintiff reasonably believed posed a risk to public health, safety or the environment, the Plaintiff's

continued employment was interfered with, attempted to be interfered with, and terminated, and

that interference, attempted interference and termination was by threats, intimidation or coercion;

64.    As a result of the Defendants' actions to prevent the Plaintiff from objecting to, or

refusing to participate in an activity, policy or practice which the Plaintiff reasonably believed was

in violation of a law, or a rule or regulation promulgated pursuant to law, or which the Plaintiff

reasonably believed posed a risk to public health, safety or the environment, the Plaintiff's

continued employment was interfered with, attempted to be interfered with, and terminated, and

that interference, attempted interference and termination was by threats, intimidation or coercion;

65.    As a result of these intentional, wilful, knowing, malicious and retaliatory actions the

Plaintiff suffered the deprivation of her rights and a loss of public employment, wages and

benefits, was forced to suffer great strain, hardship, and anxiety, was caused painful physical and

mental suffering, was subjected to humiliation, and was caused to seek medical attention.

12

## COUNT XI
## TORTIOUS INTERFERENCE WITH CONTRACTUAL OR ADVANTAGEOUS RELATIONS

66.     The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through

paragraph 65 of this complaint and incorporates the same herein by reference;

67.     As a result of the Defendants' actions to prevent the Plaintiff from disclosing to a

supervisor or to a public body an activity, policy or practice that the Plaintiff reasonably believed

was in violation of a law, or a rule or regulation promulgated pursuant to law, or which the

Plaintiff reasonably believed posed a risk to public health, safety or the environment, the Plaintiff's

continued employment was tortiously interfered with, attempted to be interfered with, and

terminated;

68.     As a result of the Defendants' actions to prevent the Plaintiff from providing information

to a public body conducting an investigation, hearing or inquiry into any violation of law, or a rule

or regulation promulgated pursuant to law, or activity, policy or practice which the Plaintiff

reasonably believed poses a risk to public health, safety or the environment by the employer, the

Plaintiff's continued employment was interfered with, attempted to be interfered with, and

terminated, and the Plaintiff's continued employment was tortiously interfered with, attempted to

be interfered with, and terminated.

69.     As a result of the Defendants' actions to prevent the Plaintiff from objecting to, or

refusing to participate in an activity, policy or practice which the Plaintiff reasonably believed was

in violation of a law, or a rule or regulation promulgated pursuant to law, or which the Plaintiff

reasonably believed posed a risk to public health, safety or the environment, the Plaintiff's

13

continued employment was interfered with, attempted to be interfered with, and terminated, and

the Plaintiff's continued employment was tortiously interfered with, attempted to be interfered

with, and terminated.

70.     As a result of these intentional, wilful, knowing, malicious and tortious actions the Plaintiff

suffered the deprivation of her rights and a loss of public employment, wages and benefits, was

forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental

suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through

paragraph 72 of this complaint and incorporates the same herein by reference;

72.     As a result of the Defendant's extreme and outrageous actions as detailed above, the

Defendants intentionally inflicted severe emotional distress on the Plaintiff;

73.     As a result the Plaintiff was forced to suffer emotional distress, great strain, hardship, and

anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was

caused to seek medical attention.

## COUNT XIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74.     The Plaintiff hereby repeats and reallege the allegations contained in paragraph 1 through

paragraph 73 of this complaint and incorporates the same herein by reference;

75.     As a result of the Defendant's actions, the Defendants negligently inflicted severe

emotional distress on the Plaintiff;

14

76.    As a result the Plaintiff was forced to suffer emotional distress, great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

**COUNT XIV**
**VIOLATION OF M.G.L. c. 12 §11 H and §11 I - CIVIL RIGHTS VIOLATIONS**
**FREEDOM OF SPEECH**

77.    The Plaintiff hereby repeats and realleges the allegations contained in paragraph 1 through paragraph 76 of this complaint and incorporates the same herein by reference;

78.    As a result of the Defendants' actions, the Plaintiff's rights to free expression were interfered with, attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion and the Plaintiff was deprived of her rights to free exercise of speech and her property interest in public employment;

79.    As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff civil rights under M.G.L. c. 12 §11 H and §11 I,  the Plaintiff suffered the deprivation of her rights and a loss of public employment, wages and benefits, was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

WHEREFORE, the Plaintiff demands judgment against all the Defendants as follows:

**On Count I**:

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

15

(b)     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)     That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count II:**

(a)     That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)     That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count III:**

(a)     That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)     That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count IV:**

(a)     That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action,

       including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count V:**

(a)    That Plaintiff be awarded compensatory damages, including damages for

       emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action,

       including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count VI:**

(a)    That Plaintiff be awarded compensatory damages, including damages for

       emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action,

       including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count VII:**

(a)    That Plaintiff be awarded compensatory damages, including damages for

       emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action,

17

including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count VIII**:

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count IX**:

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count X**:

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count XI:**

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count XII:**

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count XIII:**

(a)    That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)    That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)    That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count XIV**:

(a)     That Plaintiff be awarded compensatory damages, including damages for

emotional distress, in an amount to be determined at trial;

(b)     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )    That the Plaintiff be awarded reasonable costs and expenses of this action,

including prejudgment interest;

(d)     That the Plaintiff be awarded a reasonable allowance for attorney's fees.


**PLAINTIFF DEMANDS STATUTORY PENALTIES ON ALL APPLICABLE COUNTS**

**PLAINTIFF DEMANDS STATUTORY INTEREST ON ALL APPLICABLE COUNTS**

**PLAINTIFF DEMANDS JURY TRIAL ON ALL COUNTS ALLOWABLE**

<u>VERIFICATION</u>

I, Theresa Cofske, do hereby declare that I have read the foregoing Complaint and know the contents thereof. The contents are true to my knowledge except to those matters that are alleged on information and belief; as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 28ᵗ day of _July , 2005_____ , 2004 in Hampshire County, Massachusetts.

THERESA COFSKE

20

Respectfully submitted,
THE PLAINTIFF, THERESA COFSKE
By her attorney,

Dated: 3/1/2005

Alfred P. Chamberland
BBO#: 564151
9 Campus Lane -- PO Box 217
Easthampton, MA 01027
(413) 529-0404

21

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *THERESA COFSKE* | *TOWN OF WARE CONSERVATION COMMISSION, JOEL HARDER, TRAVIS NICOSON, ROGER BOUCHARD, JOHN MOTYKA* |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*ALFRED P. CHAMBERLAND
9 CAMPUS LANE, P.O. BOX 217
EASTHAMPTON, MA 01027 (413) 529-0404*

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*42 U.S.C. §1983: PLAINTIFF WAS HARASSED, RETALIATED AGAINST + WRONGFULLY TERMINATED FROM HER EMPLOYMENT WITH DEFENDANT.*

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE *8-2-2005*

SIGNATURE OF ATTORNEY OF RECORD *Alfred P. Chamberland (RM)*

FOR OFFICE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) *COFSKE V. TOWN OF WARE CONSERVATION COMMISSION, HARDER, NICOSON, BOUCHARD, MOTYKA*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

✓   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

___  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____ N/A _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                            YES ☐     NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                            YES ☐     NO ☑

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                            YES ☐     NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                            YES ☐     NO ☑

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                            YES ☐     NO ☑

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION ☐          CENTRAL DIVISION ☐          WESTERN DIVISION ☐

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION ☐          CENTRAL DIVISION ☐          WESTERN DIVISION ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   *ALFRED P. CHAMBERLAND*
ADDRESS   *9 CAMPUS LANE, P.O. BOX 217 EASTHAMPTON, MA 01027*
TELEPHONE NO.   *(413) 529-0404*

(Cover sheet local.wpd - 11/27/00)