UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30177-KPN

| | |
|---|---|
| THERESA COFSKE, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF WARE CONSERVATION | ) |
| COMMISSION, JOEL HARDER, TRAVIS | ) |
| NICOSON, ROGER BOUCHARD and | ) |
| JOHN MOTYKA, | ) |
| Defendants | ) |

## ANSWER OF THE DEFENDANTS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     The defendants deny the allegations contained in the introduction to the complaint.

### JURISDICTION

2.     No response is required to the paragraph entitled jurisdiction since it is a statement pertaining to jurisdiction.

### PARTIES

3.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's complaint and call upon the plaintiff to prove the same.

4.     The defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

307685v1

5.    The defendants admit the allegations contained in paragraph 5 of the plaintiff's complaint.

6.    The defendants deny the allegations contained in the first sentence of paragraph 6 of the plaintiff's complaint and call upon the plaintiff to prove the same.  No response is required to the second sentence of paragraph 6 since it is a statement of the case.

7.    The defendants deny the allegations contained in the first sentence of paragraph 7 of the plaintiff's complaint and call upon the plaintiff to prove the same.  No response is required to the second sentence of paragraph 7 since it is a statement of the case.

8.    The defendants deny the allegations contained in the first sentence of paragraph 8 of the plaintiff's complaint and call upon the plaintiff to prove the same.  No response is required to the second sentence of paragraph 8 since it is a statement of the case.

## FACTUAL ALLEGATIONS

9.    The defendants deny the allegations contained in paragraph 9 of the plaintiff's complaint and call upon the plaintiff to prove the same.

10.    The defendants admit that they were on the Commission when the plaintiff was employed at the Conservation Commission but deny that they are currently members.

11.    The defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint and call upon the plaintiff to prove the same.

12.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of plaintiff's complaint.  The defendants deny the allegations contained in the second sentence of paragraph 12 of the plaintiff's complaint and call upon the plaintiff to prove the same.

307685v1

13.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's complaint.

14.    The defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint and call upon the plaintiff to prove the same.

15.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 15 of plaintiff's complaint.    Further answering, the defendants state that they did not commit any of the activities alleged.

16.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 16 of plaintiff's complaint.    Further answering, the defendants state that they did not commit any of the activities alleged.

17.    The defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint and call upon the plaintiff to prove the same.

18.    The defendants deny the allegations contained in paragraph 18 of the plaintiff's complaint and call upon the plaintiff to prove the same.

19.    The defendants deny the allegations contained in paragraph 19 of the plaintiff's complaint and call upon the plaintiff to prove the same.

20.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 20 of plaintiff's complaint.    Further answering, the defendants state that they did not commit any of the activities alleged.

21.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint.

22.    The defendants deny the allegations contained in paragraph 22 of the plaintiff's complaint and call upon the plaintiff to prove the same.

3

23.    The defendants admit the allegations contained in paragraph 23 of the plaintiff's complaint.

24.    The defendants admit that the plaintiff sent a letter to the Town Clerk, dated November 2, 2002, which purports to assert a claim under G.L. c. 258.

25.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiff's complaint.

26.    The defendants deny the allegations contained in paragraph 26 of the plaintiff's complaint and call upon the plaintiff to prove the same.

27.    The defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint and call upon the plaintiff to prove the same.

28.    The defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint and call upon the plaintiff to prove the same.

29.    The defendants deny the allegations contained in paragraph 29 of the plaintiff's complaint and call upon the plaintiff to prove the same.

30.    The defendants deny the allegations contained in paragraph 30 of the plaintiff's complaint and call upon the plaintiff to prove the same.

31.    The defendants deny the allegations contained in paragraph 31 of the plaintiff's complaint and call upon the plaintiff to prove the same.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint and call upon the plaintiff to prove the same.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint and call upon the plaintiff to prove the same.

307685v1

34. The defendants deny the allegations contained in paragraph 34 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT I

35. The defendants repeat and reallege their responses to paragraphs 1 through 34 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint and call upon the plaintiff to prove the same.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT II

38. The defendants repeat and reallege their responses to paragraphs 1 through 37 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

39. The defendants deny the allegations contained in paragraph 39 of the plaintiff's complaint and call upon the plaintiff to prove the same.

40. The defendants deny the allegations contained in paragraph 40 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT III

41. The defendants repeat and reallege their responses to paragraphs 1 through 40 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

42. The defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint and call upon the plaintiff to prove the same.

43. The defendants deny the allegations contained in paragraph 43 of the plaintiff's complaint and call upon the plaintiff to prove the same.

307685v1

COUNT IV

44.     The defendants repeat and reallege their responses to paragraphs 1 through 43 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

45.     The defendants deny the allegations contained in paragraph 45 of the plaintiff's complaint and call upon the plaintiff to prove the same.

46.     The defendants deny the allegations contained in paragraph 46 of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT V

47.     The defendants repeat and reallege their responses to paragraphs 1 through 46 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

48.     The defendants deny the allegations contained in paragraph 48 of the plaintiff's complaint and call upon the plaintiff to prove the same.

49.     The defendants deny the allegations contained in paragraph 49 of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT VI

50.     The defendants repeat and reallege their responses to paragraphs 1 through 49 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

51.     The defendants deny the allegations contained in paragraph 51 of the plaintiff's complaint and call upon the plaintiff to prove the same.

52.     The defendants deny the allegations contained in paragraph 52 of the plaintiff's complaint and call upon the plaintiff to prove the same.

6

## COUNT VII

53.    The defendants repeat and reallege their responses to paragraphs 1 through 52 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

54.    The defendants deny the allegations contained in paragraph 54 of the plaintiff's complaint and call upon the plaintiff to prove the same.

55.    The defendants deny the allegations contained in paragraph 55 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT VIII

56.    The defendants repeat and reallege their responses to paragraphs 1 through 55 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

57.    The defendants deny the allegations contained in paragraph 57 of the plaintiff's complaint and call upon the plaintiff to prove the same.

58.    The defendants deny the allegations contained in paragraph 58 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT IX

59.    The defendants repeat and reallege their responses to paragraphs 1 through 58 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

60.    The defendants deny the allegations contained in paragraph 60 of the plaintiff's complaint and call upon the plaintiff to prove the same.

61.    The defendants deny the allegations contained in paragraph 61 of the plaintiff's complaint and call upon the plaintiff to prove the same.

307685v1

COUNT X

62.     The defendants repeat and reallege their responses to paragraphs 1 through 61 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

63.     The defendants deny the allegations contained in paragraph 63 of the plaintiff's complaint and call upon the plaintiff to prove the same.

64.     The defendants deny the allegations contained in paragraph 64 of the plaintiff's complaint and call upon the plaintiff to prove the same.

65.     The defendants deny the allegations contained in paragraph 65 of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT XI

66.     The defendants repeat and reallege their responses to paragraphs 1 through 65 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

67.     The defendants deny the allegations contained in paragraph 67 of the plaintiff's complaint and call upon the plaintiff to prove the same.

68.     The defendants deny the allegations contained in paragraph 68 of the plaintiff's complaint and call upon the plaintiff to prove the same.

69.     The defendants deny the allegations contained in paragraph 69 of the plaintiff's complaint and call upon the plaintiff to prove the same.

70.     The defendants deny the allegations contained in paragraph 70 of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT XII

71.     The defendants repeat and reallege their responses to paragraphs 1 through 70 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

8

307685v1

72.    The defendants deny the allegations contained in paragraph 72 of the plaintiff's complaint and call upon the plaintiff to prove the same.

73.    The defendants deny the allegations contained in paragraph 73 of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT XIII

74.    The defendants repeat and reallege their responses to paragraphs 1 through 74 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

75.    The defendants deny the allegations contained in paragraph 75 of the plaintiff's complaint and call upon the plaintiff to prove the same.

76.    The defendants deny the allegations contained in paragraph 76 of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT XIV

77.    The defendants repeat and reallege their responses to paragraphs 1 through 76 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

78.    The defendants deny the allegations contained in paragraph 78 of the plaintiff's complaint and call upon the plaintiff to prove the same.

79.    The defendants deny the allegations contained in paragraph 79 of the plaintiff's complaint and call upon the plaintiff to prove the same.

FIRST DEFENSE

By way of affirmative defense, the defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public health, safety, welfare and the environment.

9

307685v1

## SECOND DEFENSE

By way of affirmative defense, the defendants state that they are immune from liability for damages for any violation of the plaintiffs' civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## THIRD DEFENSE

By way of affirmative defense, the defendants state that they cannot be held liable for violating the plaintiff's civil rights since no official or unofficial policy, ordinance, regulation, custom or practice or decision resulted in a deprivation of her constitutional rights.

## FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to M.G.L. c. 12, §11H and 11I must fail since they did not deprive the plaintiff of constitutional or statutory rights by force, threat, intimidation or coercion.

## FIFTH DEFENSE

By way of affirmative defense, the defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

## SIXTH DEFENSE

By way of affirmative defense, the defendants states that they are immune from suit because of the doctrine of qualified immunity.

10

<u>SEVENTH DEFENSE</u>

By way of affirmative defense, the defendants state that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under 42 U.S.C. §1983 or M.G.L. c. 12, §11H and I.

<u>EIGHTH DEFENSE</u>

By way of affirmative defense, the defendants state that a civil rights action against the Town of Ware Conservation Commission must fail since it cannot be held liable under the respondeat superior doctrine and the plaintiff has failed to show that the Town of Ware Conservation Commission caused the alleged constitutional violation.

<u>NINTH DEFENSE</u>

By way of affirmative defense, the defendants state that its actions and conduct were reasonable under the circumstances.

<u>TENTH DEFENSE</u>

By way of affirmative defense, the defendants state that the Town of Ware Conservation Commission and the defendants in their official capacity cannot be liable to the plaintiff pursuant to Massachusetts General Laws Chapter 12 since they are not "persons."

<u>ELEVENTH DEFENSE</u>

By way of affirmative defense, the defendants state the plaintiff has failed to set forth an actionable claim, pursuant to 42 U.S.C. §1983 against the Town of Ware Conservation Commission since the plaintiff is unable to establish that there was a deliberate indifference to her rights or that the alleged deficiency is related to the plaintiff's alleged injuries.

<u>TWELFTH DEFENSE</u>

By way of affirmative defense, the defendants state that there is no evidence that defendants' conduct was extreme or outrageous.

307685v1

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim must fail since the defendant was, at all relevant times, discharging discretionary functions and, thus, is entitled to immunity.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendants state that they were privileged in their conduct and acts and that, therefore, the plaintiff cannot recover.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendant had no ulterior or illegitimate purpose.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim is barred since there is no evidence that the defendant acted recklessly or with callous indifference to the plaintiff's rights.

## EIGHTEENTH DEFENSE

By way of affirmative defense, the defendants state the alleged actions of the defendants were not calculated to cause damage to the plaintiff.

307685v1

### NINETEENTH DEFENSE

By way of affirmative defense, the defendants state that all claims against them in their official capacities should be dismissed since the Town of Ware Conservation Commission is a named defendant and, therefore, the plaintiff's claims are duplicative.

### TWENTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's due process claims must fail since she had an adequate post deprivation remedy.

### TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants actions were not arbitrary or unreasonable.

### TWENTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants did not deprive the plaintiff of a constitutionally protected liberty or property interest.

### TWENTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the plaintiff was not entitled to notice and a hearing.

### TWENTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that plaintiffs' claim for conspiracy must fail since the plaintiff is unable to show that the defendants used unlawful purpose, unlawful means or that the defendants had some power of coercion over the plaintiff which they would not have had if they had acted independently.

307685v1

### TWENTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that there is no evidence to establish that the defendants conspired for the purpose of depriving, either directly or indirectly, the plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws. Furthermore, there is no evidence that one or more of the defendants did or caused to be done any act in furtherance of the object of the alleged conspiracy whereby the plaintiff was injured or deprived of having an exercise in any right or privilege.

### TWENTY-SIXTH DEFENSE

By way of affirmative defense, the defendants say that there was no binding enforceable contract entered into between the plaintiff and the defendants.

### TWENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for defamation must fail since the defendants had a conditional privilege.

### TWENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for defamation must fail since the plaintiff, as a public official, cannot show that the defendants acted with actual malice or acted with reckless disregard as to whether their alleged statements were false.

### TWENTY-NINTH DEFENSE

By way of affirmative defense, the defendants states that the plaintiff is unable to recover since she is unable to show that she incurred actual damages.

14

## THIRTIETH DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claims are barred since the statements allegedly made by the defendants were privileged in that they were made with respect to matters within the scope of their official responsibilities.

## THIRTY-FIRST DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claims are barred since the statements allegedly made by the defendants consisted of public information which was true and non-defamatory.

## THIRTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the statements allegedly made by them were true and that, therefore, the plaintiff cannot recover.

## THIRTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that they are entitled to speak of matters of public importance and, therefore, hold a privilege with respect to alleged defamatory statements.

## THIRTY-FOURTH DEFENSE

By way of affirmative defense, the defendants are entitled to a privilege sufficient to protect them from liability since they reasonably believed that the alleged statements were true and did not act with malice.

## THIRTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state the alleged statements made by the defendants are protected by virtue of the First Amendment to the United States Constitution.

15

## THIRTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims against the defendants must fail since the plaintiff is unable to show that the defendants acted with malice or bath faith.

## THIRTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff was not deprived of her right to free expression since she is unable to show that she was engaged in discussion that was constitutionally protected and that said discussion constituted a motivating factor in the defendants' decisions.

## THIRTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff was an at-will employee and, therefore, cannot recover.

## THIRTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since she has not suffered any physical harm.

## FORTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for emotional distress must fail since the workers' compensation act provides her exclusive remedy for personal injuries arising out of employment.

## FORTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for negligent infliction of emotional distress is not viable against defendants as public employees pursuant to M.G.L. c. 258.

16

307685v1

## FORTY-SECOND DEFENSE

By way of affirmative defense, the defendants state, that this action is barred pursuant to M.G.L. 258, §10(a).

## FORTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that this action is barred pursuant to M.G.L. c. 258, §10(b).

## FORTY-FOURTH DEFENSE

By way of affirmative defense, the Town of Ware Conservation Commission and the defendants in their official capacity cannot be liable to the plaintiff for intentional torts pursuant to M.G.L. c. 10(c).

## FORTY-FIFTH DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone or something for whose conduct the defendants were not and are not legally responsible.

## FORTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to satisfy the statutory requirements and conditions precedent necessary to maintain this action.

## FORTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants say that they were justified in their conduct and acts and, therefore, the plaintiff cannot recover.

## FORTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for retaliation must fail because she was not subjected to adverse employment action or motive because of any protected activity.

307685v1

### FORTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are barred since, at all times, the defendants acted in good faith.

### FIFTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's termination was for just cause and the plaintiff was terminated in good faith.

### FIFTY-FIRST DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim must fail since the plaintiff voluntarily resigned her employment position.

### FIFTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to exhaust administrative remedies prior to filing the present suit.

### FIFTY-THIRD DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim must fail because she has not opposed any practice made an unlawful employment practice.

### FIFTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state the alleged statements made by the defendants are protected by virtue of the First Amendment to the United States Constitution.

### FIFTY-FIFTH DEFENSE

By way of affirmative defense, the plaintiff's claim for defamation, libel and slander, must fail since the defendants alleged statements constitute nothing more than opinion and, therefore, are protected by the First Amendment.

307685v1

## FIFTY-SIXTH DEFENSE

By way of affirmative defense, the defendants say that plaintiff's First Amendment claim must fail since the plaintiff's expression does not involve matters of public concern, but only internal department issues or matters that solely affect the plaintiff.

## FIFTY-SEVENTH DEFENSE

By way of affirmative defense, the plaintiff's claim must fail since the defendants were, at all times, advancing significant and legitimate town interests and the incidental restriction on the plaintiff's alleged First Amendment freedoms is no greater than is essential to the furtherance of those interests.

## FIFTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for alleged violation of her right to free expression must fail since she did not have a right to make false claims.

## FIFTY-NINTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for alleged violation of her right to free expression and free association must fail since plaintiff's expression did not involve a matter of public concern.

## SIXTIETH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for alleged violation of her right to free expression and free association must fail since her conduct did not amount to a constitutional right.

307685v1

## SIXTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim that she was terminated in violation of the first amendment must fail because the defendant would have reached the same decision even in the absence of the alleged protected conduct.

## SIXTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim that she was terminated in violation of the first amendment must fail because she cannot establish that her speech was a substantial or motivating factor in any decision made by the defendants.

## SIXTY-THIRD DEFENSE

By way of affirmative defense, the defendants cannot be liable to the plaintiff for interference with contractual relations because the plaintiff did not have an employment contract and there is no evidence that the defendants acted out of spite or malice.

## SIXTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the defendants were justified and privileged in their actions.

## SIXTY-FIFTH DEFENSE

By way of affirmative defense, the defendants cannot be liable to the plaintiff for interference with advantageous relations because the defendants did not intentionally and maliciously interfere with plaintiff's business relationship and the plaintiff's loss of advantage was not directly resulting from the defendants' conduct.

## SIXTY-SIXTH DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone or something for whose conduct the defendants were not and are not legally responsible.

20

## SIXTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to recover because of her failure to mitigate damages.

## SIXTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to punitive damages.

## SIXTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has waived or should be estopped from asserting some or all of the claims set forth in the complaint.

## SEVENTIETH DEFENSE

By way of affirmative defense, the defendants state that the negligence of the plaintiff contributed to the injuries and damages alleged, and such negligence should reduce or bar the plaintiff's recovery in accordance with M.G.L. c. 231, §85.

## SEVENTY-FIRST DEFENSE

By way of affirmative defense, the defendant, Town of Ware, states that it cannot be liable for punitive damages or interest.  42 U.S.C. §1983, M.G.L. c. 258, §2.

## SEVENTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the alleged incidents were not foreseeable.

## SEVENTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for retaliation must fail because she was not subjected to adverse employment action or motives because of any protected activity.

307685v1

## SEVENTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's retaliation claim must fail since there is no proximity to the date of the plaintiff's alleged protected conduct and the disciplinary action taken against the plaintiff.

## SEVENTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims of retaliation must fail since the actions taken by the defendants were based on legitimate business reasons and the alleged acts of retaliation have no proximity to the plaintiff's alleged protected conduct.

## SEVENTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to bring her claims within the appropriate statutes of limitations.

## SEVENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's public policy claim must fail because the plaintiff was not terminated contrary to a well-defined public policy in that the plaintiff's conduct was not statutorily protected or mandated.

## SEVENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's whistle blower protection claim must fail because the plaintiff has failed to satisfy the requirements of M.G.L. c. 149, § 185.

## SEVENTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's public policy claim and whistle blower protection claims must fail because the plaintiff could have asserted a statutory claim to vindicate her rights.

307685v1

## EIGHTIETH DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim under M.G.L. c. 149 must fail since the plaintiff failed to provide the written notice required by M.G.L. c. 149, §185.

## EIGHTY-FIRST DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim under M.G.L. c. 149 must fail since the defendants did not take any retaliatory action against the plaintiff.

## EIGHTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that plaintiff's claim, pursuant to M.G.L. c. 149, is without basis in law or in fact and, therefore, the defendants will pursue reasonable attorney's fees and court costs.

## EIGHTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that by filing a claim under c. 149, the plaintiff has waived all rights and remedies available to her under statutory and common law arising out of the retaliation action. M.G.L. c. 149, §185F.

## JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY.

The Defendants
Town of Ware Conservation Commission, Joel Harder, Travis Nicoson, Roger Bouchard and John Motyka,
By Their Attorneys
MORRISON MAHONEY LLP

Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373        (413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____

23

307685v1